```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

RELIANCE STANDARD LIFE     )
INSURANCE CO.,             )
                           )
    Plaintiff,             )        CIVIL ACTION NO.
                           )
v.                         )        00-AR-2399-S
                           )
MERLEE STEWART et al.,     )
                           )
    Defendants.            )

FILED SEP 19 AM 10:57 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED SEP 19 2001

## MEMORANDUM OPINION

    Interpleader defendant, Merlee Stewart ("Stewart"), has appealed this court's order of August 29 2001, directing the Clerk to pay the interpled funds that are the subject of this action to interpleader defendant, Tavaris Hunt ("Hunt"). Before this court is Stewart's motion for relief from the requirement that she post a supersedeas bond and her motion to stay the order to pay out the funds pending the appeal.

    Ordinarily, when a final judgment is entered against a defendant, he must post a supersedeas if he wants to stay execution. The idea is to guarantee that if the defendant loses his appeal, the plaintiff can easily collect the judgment. The nature of an interpleader action is such that the plaintiff concedes that he has no interest in the outcome as between claimants. It is certain that the plaintiff will "lose." The question is which defendant will "win."

In the instant case, there is no need for a supersedeas bond because, as counsel for both claimants argued, the interpled funds are safely deposited with the Clerk and are just as safe as funds guaranteed by a supersedeas bond. Furthermore, they are drawing interest, so, if Hunt's victory is upheld on appeal, he will not be damaged by the loss of the use of the funds during the pendency of the appeal.

By separate order, this court will grant Stewart's motion for relief from the requirement that she post a supersedeas bond and will stay the payment to Hunt of the interpled funds. Finally, this court will grant Hunt's deemed motion pursuant to Rule 7 F.R.A.P., and order Stewart to post a bond of $500 in order to guarantee the costs of the appeal.

DONE this 19th day of September, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE